UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

STEVEN SOTO, by his mother and natural
guardian, Altagracia Mejia,

                Plaintiff,

- against -

THE CITY OF NEW YORK, DANIEL SCHWARZ,
FABIO NUNEZ and JOHN DOE 1-5, the names
being fictitious and presently unknown,
employees of the City of New York,

                Defendants.

----------------------------------------------------------------x

COMPLAINT
08 CV 6624 (RJH)(DFE)

**Jury Trial Demanded**

    Steven Soto, by his mother and natural guardian, Altagracia Mejia, by their attorney, Matthew Flamm, alleges the following as his Complaint:

### Nature of the Action

    1.    This civil rights action arises from the November 24, 2007 assault and arrest of Steven Soto. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

    2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

    3.    Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events giving rise to the suit occurred in that District.

Parties

4.  Plaintiff STEVEN SOTO is a citizen of the United States of America residing in the State and City of New York, County of the New York. At the time of the incidents herein, he was a seventeen year old student. Prior to this incident, he had never been arrested.

5.  Altagracia Mejia resides with Steven Soto and is his mother and natural guardian.

6.  Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

7.  Defendant DANIEL SCHWARZ, Shield No. 3747, was at all times relevant a duly appointed and acting employee of the New York City Police Department and assigned to the 34th Precinct.

8.  Defendant FABIO NUNEZ, Shield No. 1432, was at all times relevant a duly appointed and acting employee of the New York City Police Department and assigned to the 34th Precinct.

9.  JOHN DOE 1-5 were at all times relevant a duly appointed and acting employee of the New York City Police Department and assigned to the 34th Precinct.

10. At all times relevant, defendants Schwarz, Nunez and Does (the "individual defendants") were acting under color of state law.

11. The individual defendants were at all times relevant agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

12. On February 23, 2008, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

13. The Notice of Claim was in writing and was sworn to by the plaintiff and his mother, and contained the name and post office address of the plaintiff.

14. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

15. The City of New York has neglected and failed to adjust the claims within the statutory time period.

16. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

17. Plaintiff was assaulted and arrested by New York City police officers, including defendants Schwarz and Nunez, without cause or justification on November 24, 2007 at approximately 1:52 a.m. inside of the McDonald's located at 4259 Broadway in New York, New York.

18. Not only did the individual defendants unlawfully assault and arrest Mr. Soto, they also caused or allowed plaintiff to be prosecuted under New York County Criminal Court Docket No. 2007NY088559 on the false charge of resisting arrest and disorderly conduct.

19. Defendants Nunez and Schwarz falsely swore that Mr. Soto approached Schwarz in a fighting stance and then lunged at him. As a result of the false charges, Mr. Soto hired an attorney to defend him and was forced, under

threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court on January 15 and March 11, 2008. On March 11, 2008, the charges against Mr. Soto were unconditionally dismissed and sealed at the request of the District Attorney.

20.     The assault on Mr. Soto caused physical injuries and plaintiff was treated by Harlem Hospital Center and Bronx-Lebanon Hospital Center, among others, for injury to his face, head, jaw, neck, shoulders and chest, including lacerations and bruises.

21.     Mr. Soto also suffered shock, fright, loss of liberty and dignity, and the emotional upset associated with being brutally and publicly attacked and arrested and of being falsely prosecuted.

22.     At all times relevant, and in assaulting, arresting and bringing false charges against plaintiff, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Mr. Soto's rights and well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

23.     Plaintiff repeats the allegations of paragraphs 1-22 above as though fully stated herein.

24.     By the actions described above, individual defendants, including Schwarz and Nunez, deprived Mr. Soto of rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

25.     As a consequence thereof, Steven Soto has been injured.

## SECOND CLAIM FOR RELIEF FOR ASSAULT

26. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

27. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

28. As a consequence thereof, Steven Soto has been injured.

## THIRD CLAIM FOR RELIEF FOR BATTERY

29. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

30. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

31. As a consequence thereof, Steven Soto has been injured.

## FOURTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

32. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

33. By the actions described above, the individual defendants deprived Mr. Soto of rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

34. As a consequence thereof, Steven Soto has been injured.

## FIFTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

35. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

36. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

37. As a consequence thereof, Steven Soto has been injured.

SIXTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION
IN VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

38. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

39. The individual defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Soto without probable cause and with actual malice. The prosecution terminated in Mr. Soto's favor.

40. Mr. Soto suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charge.

41. As a consequence thereof, Steven Soto has been injured.

SEVENTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION

42. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

43. By reason of the foregoing, without probable cause and with actual malice, a Criminal Court proceeding was commenced against Mr. Soto, said prosecution ending in plaintiff's favor.

44. As a consequence thereof, Steven Soto has been injured.

### EIGHTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
### TO PREVENT THE VIOLATION OF PLAINTIFF'S' CIVIL RIGHTS

45. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

46. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful use of force, arrest and prosecution of the plaintiff despite having a reasonable opportunity to do so.

47. As a consequence thereof, Steven Soto has been injured.

### NINTH CLAIM FOR RELIEF FOR NEGLIGENCE

48. Plaintiff repeats the allegations of paragraphs 1-22 as though fully stated herein.

49. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully stop, search, use force, detain, and make false statements in the course of filing criminal charges.

50. The defendant City of New York's failure properly to assign, train, supervise or discipline its Police Officers, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests, use of force, and baseless prosecutions, and allowed the defendants to believe that they could with impunity stop, search, use force, detain, and make false statement in the course of prosecuting Mr. Soto.

51. By reason of the foregoing, the defendant City of New York through its agents, servants, and employees, failed and refused to use such care in the performance of their duties as a reasonably prudent law enforcement provider would have used under similar circumstances.

52. As a consequence thereof Steven Soto has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

- (A) Declaratory relief as follows:
    1. A declaration that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
    2. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
    3. A declaration that plaintiff's right to be free from malicious prosecution under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
- (B) Compensatory damages in an amount to be fixed at trial;
- (C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be fixed at trial;
- (D) An award to plaintiff of the costs and disbursements herein;
- (E) An award of attorney's fees under 42 U.S.C. §1988; and
- (F) Such other and further relief as this Court may deem just and proper.

Dated: July 25, 2008
Brooklyn, New York

Matthew Flamm **MF1309**
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

STEVEN SOTO, by his mother and natural
guardian, Altagracia Mejia,

                Plaintiff,

            - against -

THE CITY OF NEW YORK, DANIEL SCHWARZ,
FABIO NUNEZ and JOHN DOE 1-5, the names
being fictitious and presently unknown,
employees of the City of New York,

                Defendants.

-------------------------------------------------------------x

08 CV 6624 (RJH)(DFE)

# COMPLAINT

Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York  11242  (718) 797-3117