



RECEIVED
AUG - 6 2008
CHAMBERS OF
RICHARD J. HOLWELL

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

ELIZABETH M. DAITZ
Assistant Corporation Counsel
E-mail: edaitz@law.nyc.gov
Phone: (212) 788-0775
Fax: (212) 788-9776

August 6, 2008

**VIA FACSIMILE (212) 805-7948**
The Honorable Richard J. Holwell
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/08

Re: Steven Soto by his mother and guardian Altagracia Mejia v. City of New York, et al., 08 Civ. 6624 (RJH)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York[1] in the above-referenced matter. I write with respect to the above-referenced matter in which plaintiff alleges that his constitutional rights were violated by defendants. Defendant City respectfully requests an extension of its time to answer or otherwise respond to this complaint from August 14, 2008 until October 13, 2008. Plaintiff has consented to this request.

    There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may

---

[1] Upon information and belief, the named individual defendants have not yet been served in this matter. Therefore, should the Court grant this enlargement, it should allow plaintiff time to serve the individual defendants. If timely served, it may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent them. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, plaintiff has executed consents and authorizations for the release of sealed arrest and criminal prosecution records. As such, this office is in the process of securing these documents so that defendant can access the information, properly assess the case, and respond to this complaint.

Additionally, because plaintiff has alleged physical injury as a result of the events complained of, plaintiff has also executed consents and authorizations for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident. This office is also in the process of securing these records so the defendant can properly assess the case and respond to the complaint.

No previous request for an extension has been made by defendant City. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to October 13, 2008.

Thank you for your consideration herein.

SO ORDERED
[signature]
USDJ 8/7/08

Respectfully submitted,

[signature]

Elizabeth M. Daitz
Assistant Corporation Counsel

cc: Matthew Flamm, Esq (via facsimile)